UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JAMES BROOKS,

            Plaintiff,

v.

CRISTA HOLSTEGE,

           Defendant.
_____/

Case No. 16-12501

Paul D. Borman
United States District Judge

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2);
(2) SUMMARILY DISMISSING THE COMPLAINT PURSUANT TO
28 U.S.C. § 1915(e)(2) (ECF NO. 1); AND
(3) DENYING PLAINTIFF'S REQUEST FOR SERVICE
BY U.S. MARSHAL AS MOOT (ECF No. 3)

Now before the Court is Plaintiff Willie James Brooks' Application to Proceed in District Court without Prepayment of Fees or Costs and Request for Service by U.S. Marshal. (ECF Nos. 2, 3). For the reasons set forth below, the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs but will dismiss the Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief can be granted. The Court will also deny as moot Plaintiff's request for service by U.S. Marshal.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." In the instant action, Plaintiff has supplied an affidavit regarding his financial obligations and income. (ECF No. 2.) Based on this information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

The Court, however, is required under 28 U.S.C. § 1915 to dismiss a complaint filed without prepayment of fees that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of the section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).  A court must dismiss an action as frivolous when "it lacks an arguable basis either in law or in fact."  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "Under § 1915(e), courts may dismiss a complaint not only when it is 'based on an indisputably meritless legal theory' but also when the 'factual contentions [on which it relies] are clearly baseless.'"  *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327).

A Court must also dismiss an action when it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  To determine whether an action states a claim on which relief may be granted under § 1915(e)(2)(B)(ii), this Court must apply the dismissal standard as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Accordingly, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). To this end, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The Court is also aware that a *pro se* litigant's complaint must be liberally construed and held to "less stringent standards that formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A plaintiff, however, must provide more than just bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In his Complaint, Plaintiff provides that the Defendant Crista Holstege is employed as a human resources manager for a company called EduStaff. Plaintiff alleges that Defendant did not "place [him] to meet the requirement of 10% black teaching faculty in the Chippewa Valley School District." (Compl., at ¶ 1.) Plaintiff claims that Defendant's "policy" violates the Supreme Court decision in *Milliken v. Bradley*, 418 U.S. 717 (1974) regarding the desegregation of Detroit's public schools. (Compl. at pg. 2.) Plaintiff provides that Defendant created a policy that "based on three exclusions" she may "exclude a substitute teacher at any time for any unjustly [sic] reason which has resulted in the segregation." (*Id.*, at ¶¶ 5-7.) Plaintiff appears to claim that Defendant excluded him from employment based on "deliberate harassing, deliberate lies." (*Id.*, at ¶ 10.)

Plaintiff also makes reference to a number of incidents that may have resulted in his termination from employment with EduStaff including taking pictures with students which constituted an admitted "privacy issue," and "false statements pertaining to three disrespectful black girls and circumventing their statements." (*Id*., at ¶¶ 16, 19.) Finally, Plaintiff argues that "Mrs. Holstege is a threat to the country because under the guise of dishonesty she will do anything for money, power, position, and these types of people will eventually aide ISIS and other terrorist groups for personal gain as she has a proven track record aiding and abetting segregationist where she manages personnel of substitute teachers!" (Compl., at ¶ 15.) Plaintiff seeks ten million dollars and for Defendant to be incarcerated for her crimes.

Construed broadly, Plaintiff's complaint appears to assert a 42 U.S.C. § 1983 claim based on due process violations and racial discrimination in violation of the Fourteenth Amendment. In order to make a claim pursuant to § 1983, a plaintiff must allege (1) a violation of an existing constitutional right, and (2) that the violation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted).

A person acting under the color of state law is one who has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988). To evaluate whether a private party's actions constitute state action, the court must determine whether "those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee Co*., 319 F.3d 825, 833 (6th Cir. 2003)

(citation omitted).  There are three tests for determining the existence of state action: (1) the public function test; (3) the state compulsion test; and (3) the symbiotic relationship or the nexus test.  *Id*. (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).  The public function test requires that "'the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain.'"  *S.H.A.R.K. v. Metro Parks Serving Summit Cnty*., 499 F.3d 553, 564 (6th Cir. 2007) (citation omitted).  The state compulsion test requires that "a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id*., at 565.  Finally, under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'" *Id*. (citation omitted).

      Plaintiff claims are that Defendant alone created a policy to further segregation and is "using EduStaff as a cover to carry out her villainess acts."  (Compl., at pg. 2.)  Even construed broadly, Plaintiff's claims are against a private individual employed at a private company.  Indeed, Plaintiff's allegations make clear that Defendant's termination of Plaintiff's employment cannot be attributable to the school district itself, as Plaintiff alleges that "the Superintendent" found that he had "no wrongful intent" in taking pictures of students and "allowed [him] to continue in the district."  (Compl., at ¶ 19.)  In summary, the Court finds that Plaintiff's allegations cannot support a plausible claim that Defendant was acting under the color of state law under any of the three tests.  Accordingly, Plaintiff has failed to set forth a plausible claim pursuant to § 1983.

To the extent that Plaintiff is attempting to assert an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2, such a claim must also be summarily dismissed. Before filing a Title VII action in federal court, a plaintiff must first file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). After an investigation, the EEOC will either issue a right-to-sue letter or file a suit on behalf of the claimant. *See* 42 U.S.C. § 2000e-5(f)(1); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). The plaintiff has ninety days to bring a federal action upon receipt of his right-to-sue letter. *Id.* A right-to-sue letter is not a jurisdictional requirement, but is a condition precedent to maintaining an employment discrimination claim under Title VII. *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031-32 (6th Cir. 1998); *Parry*, 236 F.3d at 309. Plaintiff's failure to satisfy this condition precedent can result in the dismissal of the action without prejudice. *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002) ("Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action.")

In the present case, Plaintiff has not indicated that he obtained a right-to-sue letter from the EEOC or provided any evidence of the same. Plaintiff has also not indicated any basis for justifying waiver, estoppel or equitable tolling of the right-to-sue letter requirement. *Rivers*, 143 F.3d at 1031. Accordingly, the Court finds that Plaintiff's claim, if construed as a Title VII claim, must be dismissed without prejudice for failure to exhaust his administrative remedies. *See Dickerson v. Associates Home Equity*, 13 F. App'x 323, 324 (6th Cir. 2001) (affirming the dismissal of Title VII action where there was no indication that the plaintiff had filed a charge of discrimination with the EEOC.)

For all these reasons, the Court GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) as failing to state a claim (ECF No. 1).  Further, the Court DENIES AS MOOT Plaintiff's Request for Service by the U.S. Marshal (ECF No. 3).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 11, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2016.

s/Deborah Tofil
Case Manager